[S. F. No. 1525.　Department One.—September 29, 1900.]

DIXIE DAVIS, Respondent, v. ALBERT SCHWEIKERT et ux., Appellants.

Lease—Termination Upon Sale—Construction of Covenant—Good Faith—Fraud—Consideration.—A covenant in a lease for a term of five years, that in case the lessor shall sell the property at any time during the term the lessee shall yield possession, is to be construed as importing an actual sale in good faith for value, and not a fraudulent sale, without valuable consideration, to deceive the lessee, and deprive him thereby of his right of possession.

Id.—Action for Damages—Fraudulent Conveyance by Lessor—Questions for Jury—Instructions.—In an action by the lessee against the lessor and his wife to recover damages for being deprived of his term by a fraudulent conveyance from the lessor to his wife, where the sale was not shown to have been made in good faith or for a valuable consideration, and admissions were shown to have been made by the husband and

wife that the deed was intended to get rid of the lessee and to deceive him into surrendering the possession, the court was justified in submitting to the jury the question of fact as to fraud, conspiracy, and consideration for the deed, under proper instructions upon those questions.

ID.—CONDITIONAL ESTATE OF LESSEE—BURDEN OF PROOF UPON LESSOR— SUPPORT OF VERDICT.—The lessee, having received a conveyance of an estate for years upon condition, was entitled to the estate conveyed, unless the lessor could and did show that the conveyance was such a conveyance as was contemplated by the lease, and was made in good faith. Where the lessor and his wife were both witnesses in the action, and neither of them testified as to the true consideration for the deed, nor that it was made in good faith, nor as to its object or purpose, a verdict for the plaintiff, based upon evidence of their manifest intention to get rid of the plaintiff, cannot be disturbed.

ID.—INSTRUCTION AS TO EFFECT OF DEED.—It was correct to instruct the jury that the deed might be good as between the defendants, and yet not affect the rights of the plaintiff.

ID.—INSTRUCTION AS TO PROOF OF "REPRESENTATIONS"—REFERENCE TO PLEADINGS—MODIFICATION—ACTS OF DEFENDANT.—Where the complaint alleged fraudulent conduct and representations of the defendants, intended to deceive the plaintiff, an instruction requested by the defendant that, "in order to sustain the allegations of fraud and deceit, . . . . the evidence must be clear and convincing . . . . that the representations alleged to have been fraudulent and deceitful were not true," is properly modified by substituting the words "acts of the defendants" for the word "representations."

ID.—INSTRUCTION AS TO OBJECTS OF CONVEYANCES—DEPRIVATION OF POSSESSION—MODIFICATION—GOOD FAITH OF CONVEYANCE.—An instruction requested by the defendants to the effect that the mere fact that one of the objects of the conveyance was to deprive the plaintiff of possession under the lease would not entitle plaintiff to a verdict, was properly modified by adding "if you find that said conveyance was made in good faith." If not made in good faith, and one of its objects was to deprive plaintiff of possession, the plaintiff would be entitled to a verdict in view of the evidence of the admissions made by the defendants.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial. R. W. Crump, Judge.

The main facts are stated in the opinion.

The first, second, and third instructions given for the plaintiff were as follows: "1. Fraud is any cunning deception or artifice used to circumvent, cheat, or deceive another. If you therefore find, from the evidence, that the defendants agreed and conspired together to deprive the plaintiff of his lease, and, in pursuit of said agreement and conspiracy and to carry out the same, the defendant A. Schweikert made to the defendant M. E. Schweikert, his wife, a voluntary, simulated, and sham deed of said leased premises, and made with the deceitful and fraudulent intent to deprive plaintiff of his lease and possession thereof and the plaintiff relying on the good faith and honesty of the deed, and believing that the same was made and accepted in a fair transaction, he quitted the premises, and that plaintiff has been actually damaged by yielding up the possession of the premises, you will find for the plaintiff." "2. A written instrument is presumptive evidence of consideration. It is only presumptive, however, and the consideration can be inquired into." "3. The deed in question, as having been made by the defendant A. Schweikert to defendant M. E. Schweikert, may be good as between the Schweikerts, and yet not affect the right of Dixie Davis." The fourth instruction asked by the defendant was as follows: "4. In order to sustain the plaintiff's allegations of fraud and deceit, it is necessary that the evidence must be clear and convincing, so as to satisfy the jury, by a preponderance of the evidence, that the representations alleged to have been fraudulent and deceitful were not true." This instruction was modified by substituting for the word "representations" the words "acts of the defendants." The complaint alleged misrepresentation and other fraudulent acts of defendants.

M. S. Sayre, for Appellants.

The deed must be presumed to have had a consideration, and the burden of showing the contrary is upon him who would invalidate it. (Civ. Code, secs. 1614, 1615; Code Civ. Proc., sec. 1963, subd. 39; *Anthony v. Chapman*, 65 Cal. 73; *Poirier v. Gravel*, 88 Cal. 78.) Fraud cannot be presumed, and must be shown by the party alleging it. (Code Civ. Proc., sec. 1981; *Gray v. Galpin*, 98 Cal. 633; *Nathan v. Doane*, 55 Cal. 348;

*Wetherly v. Straus*, 93 Cal. 283; *McCarthy v. White*, 21 Cal. 495.[1]) Party alleging fraud or deceit must prove his allegations by clear and convincing evidence; the evidence must be such that, standing alone, uncontradicted, it would establish a clear *prima facie* case of fraud or deceit. (*Jarnatt v. Cooper*, 59 Cal. 703.)

Dan Jones, and R. J. Hudson, for Respondent.

The admission of fraud by each of the defendants was evidence against both of them. (*Mamlock v. White*, 20 Cal. 600.) The verdict is sustained by the evidence; and the instructions as given were correct.

COOPER, C.—Action to recover twelve hundred dollars damages. The case was tried before a jury and a verdict returned for plaintiff in the sum of four hundred dollars. This appeal is from the judgment and an order denying defendants' motion for a new trial. The facts concerning which there is no controversy are substantially as follows:

The defendants are and were at all times named in the pleadings husband and wife. On the twenty-eighth day of October, 1895, the defendant Albert Schweikert executed and delivered to plaintiff a written lease of the premises described in the complaint for the term of five years from the date of the lease, upon the terms and conditions therein set forth. The lease contained the following covenant: "And it is further understood and agreed by and between the parties hereto that, in case the said party of the first part should sell the property herein described at any time during the term of this lease, then the party of the second part shall yield possession and deliver up the within described premises to the party of the first part."

The plaintiff immediately entered into possession under the lease and continued in possession for about one year. It is not claimed that the plaintiff failed in any respect to perform the covenants of the lease on his part, nor that he for any reason forfeited the lease.

---

[1] 82 Am. Dec. 754.

On the eighth day of October, 1896, the defendant Albert
Schweikert executed and delivered to his codefendant a deed
of the leased premises for the nominal consideration of six
thousand dollars.    After this deed was made and recorded, and
before the expiration of the lease, the defendant M. E. Schwei-
kert went in person to plaintiff and told him that she had bought
the place and paid for it with her own money, and that she
wanted possession.    The plaintiff relied upon the statement so
made to him, and at the end of his first year delivered up pos-
session and vacated the premises.    The amount of the verdict
is conceded to be correct according to the evidence because
it is not challenged.    It is alleged in the complaint that the
property was not in fact sold by defendant Albert Schweikert
to his codefendant, but that the deed was sham and fraudulent
and made with the intent and purpose of deceiving the plaintiff
and regaining the possession of the leased premises.    It is
claimed that this allegation of the complaint is not supported
by the evidence, and this is the main and controlling question
in the case.    The lease conveyed to plaintiff the premises for
the term of five years, subject to the condition expressly writ-
ten in the lease that it should terminate upon the property
being sold by the lessor.    The covenant must be understood
as meaning an actual *bona fide* sale, and not a fraudulent one.
It was not contemplated—or at least, the law does not con-
template—that the lessor could by a pretended fraudulent sale,
made for the very purpose of defeating his lessee of his estate,
avoid the lease and thus take advantage of his own wrong.
The plaintiff therefore, having a conveyance subject to be de-
feated upon condition, is entitled and was entitled to the es-
tate so conveyed, unless the defendant could and did show that
the conveyance was made in good faith and was such convey-
ance as contemplated in the lease.    We think the evidence is
amply sufficient to sustain the verdict.    The witness F. H.
Seavey testified that in August, 1896, the defendant Albert
Schweikert told him that they could not put up with plaintiff
any longer and that he could get possession by transferring or
selling the property, and that he was going to transfer it to
his wife to get rid of plaintiff.    The witness further testified
that about the 1st of October, 1896, the defendant Albert

Schweikert said to witness in the presence of witness' wife that he was going to get rid of plaintiff. That he asked him how he could do it, and he said "he could as sure as the sun shines." This last statement was also testified to by Mrs. F. H. Seavey. The witness further testified that he was boarding with defendants in December, 1896, and the subject of getting plaintiff off the place was brought up at the supper table, and defendants said that plaintiff "thought he had a fat thing, but they fooled him." That defendant M. E. Schweikert said "they had transferred the property to get rid of Dixie and his lease." Mrs. Seavey testified that Mrs. Schweikert told her that according to the lease they could only get rid of plaintiff in one way, and that was to sell, and that she had bought the place, and her purpose in buying was to get plaintiff off. Another witness for plaintiff testified that he heard defendants laughing about how they had played plaintiff, and that defendant Albert said "he had transferred it to his wife for the purpose of getting Dixie Davis off, he gave me to understand that; his wife heard it, she spoke about it and laughed."

The witness Hays testified that in November, 1897, the defendant told him that he became tired of the way plaintiff ran the place, that it was in the lease that if he sold plaintiff had to give it up, "and so he sold it to his wife." The defendants were both witnesses in their own behalf, and neither of them testified as to the true consideration for the deed, nor that it was made in good faith, nor did they or either of them state anything concerning its object and purpose. We cannot disturb the verdict on the evidence. If the evidence is true the delivery of the possession to Mrs. Schweikert was delivery to her codefendant. The court correctly gave the first and second instructions asked by plaintiff. The evidence hereinbefore recited was sufficient to justify the court in submitting the questions as to fraud, conspiracy, and the consideration for the deed to the jury. The evidence was sufficient upon which to predicate the instructions.

The third instruction asked by plaintiff was correct. It did not assume or state a fact to the jury, but only a principle of law as applied to the rights of plaintiff. The court did not err in modifying the fourth instruction asked by defendant.

The defendant requested the court to instruct the jury as follows: "5. I instruct you that if you believe from the evidence that one of the objects of the conveyance from Albert Schweikert to M. E. Schweikert, of the land leased to the plaintiff, was that he might be deprived of the possession thereof under his lease, that fact, of itself, does not entitle him to a verdict in this case."

The court modified the instruction by adding to it: "If you find that said conveyance was made in good faith." The modification was proper. If the conveyance was not made in good faith, and one of its objects was to deprive plaintiff of the possession under his lease, the plaintiff would be entitled to a verdict under the admissions made in this record.

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.