[Sac. No. 1130.   Department Two.—November 30, 1903.]

SIMON NEWMAN COMPANY, Respondent, v. JOHN F. LASSING, Appellant.

Unlawful Detainer—Defense—Fraud in Obtaining Deed and Lease —Rescission not Required.—In an action of unlawful detainer for holding over after the expiration of a term of lease, the defendant may set up in defense that the plaintiff procured a deed from the defendant and the agreement of lease by fraud and undue influence; and an answer setting up such fraud and undue influence, and asking for no affirmative relief, need not set up a rescission; nor is it necessary that the defendant must first go into an equity court and have the deed set aside.

Id.—Evidence—Single Transaction.—The defendant may show as part of the transaction leading up to the lease, and as evidence bearing upon the question of fraud and undue influence in the execution of the lease, that the deed, as well as the lease, was so executed, and to show the relation of each to the other as one transaction.

Id.—Order Granting New Trial—Grounds—Opinion of Court—Review upon Appeal.—An order granting a motion for a new trial,

in general terms, will be sustained upon appeal, on any tenable ground; and the fact that an opinion of the court found in the record states the point on which the court rested the order does not preclude this court from reviewing the case and sustaining the order on other grounds.

Id.—Pleadings, Findings, and Judgment, not Reviewable.—Upon appeal from an order granting a new trial, the insufficiency of the pleadings or of the findings to support the judgment cannot be considered.

APPEAL from an order of the Superior Court of Merced County granting a new trial. E. N. Rector, Judge.

The facts are stated in the opinion.

Sullivan & Sullivan, for Appellant.

Naphtaly, Freidenrich & Ackerman, J. K. Law, T. C. Law, and Henry C. McPike, for Respondent.

CHIPMAN, C.—This is an appeal from an order granting plaintiff's motion for a new trial. The action is unlawful detainer. The cause was tried by the court with a jury, and defendant had the verdict. The grounds of the motion were insufficiency of the evidence to justify the verdict and errors of law occurring at the trial. The order granting the motion is general.

In an opinion found in the record the court stated the point on which it rested the order. It is well settled that the ground upon which a new trial is granted by the trial court does not prevent this court from reviewing the case and sustaining the order on other grounds (*Kauffman* v. *Maier,* 94 Cal. 262; *Churchill* v. *Flournoy,* 127 Cal. 355); and the filing of an opinion by the court does not affect the rule. (*Newman* v. *Overland Pacific Ry. Co.,* 132 Cal. 73.)

The demurrer to the complaint for insufficiency of facts alleged, or that the judgment is not supported by the findings, or that the latter are inconsistent with the pleadings, cannot be considered on motion for new trial where there is no appeal from the judgment. (*Moore* v. *Douglas,* 132 Cal. 399.)

The complaint alleges an agreement of lease made on December 7, 1900, for the term ending December 1, 1901, under

which defendant went into possession of the premises involved; alleges the expiration of the term, and that defendant is holding over without plaintiff's permission and contrary to the provisions of the lease; alleges demand in writing of defendant for possession; that three days have elapsed since making said demand, and defendant refuses to quit possession. The amended answer denies specifically the material allegations of the complaint, and as further defense alleges the ownership of a large tract of land, of which the land in question is a part; that defendant is a farmer, and for many years—to wit, ever since 1878—dealt with Simon Newman, and later with plaintiff corporation, purchasing from them a great deal of merchandise, and through them disposing of most of his farm products; that they kept all of his accounts up to January 1, 1901, and defendant kept no books; that Simon Newman was manager of the corporation, and a man of large business experience; facts intended to show certain alleged confidential and fiduciary relations between defendant and Newman during all said time are set forth, and it is alleged that on November 30, 1900, defendant owed plaintiff sixty thousand dollars, and no more; that defendant was then seventy-two years old, and much impaired in body and mind; that on said last-named date he was, and had been for several days, under the influence of liquor to such an extent as to be incapable of attending to business; that within two or three days prior to said date, and on that day, Newman and one Solomon Wangenheim made certain false and fraudulent representations to, and uttered certain threats against, defendant, as set forth in the answer, by reason of which defendant signed a deed conveying to plaintiff all of said property; that on December 7, 1900, (seven days after the deed was executed,) one E. S. Wangenheim, on behalf of plaintiff, represented to defendant that he, defendant, had no longer any interest in the said land, and unless he would execute his note for $936 to plaintiff, he would be excluded from said premises, but if such note was given, he could remain in possession of the land described in the complaint for one year from said date; that defendant believed said representations, and executed said note, but that if he had known of his rights in the premises, he would not have given the

note, nor would he have remained in possession under said agreement.

The view taken by the learned trial judge, as shown by his opinion found in the record, was, that there was no evidence whatever that fraud or undue influence was resorted to by plaintiff in obtaining the lease, nor was it shown that defendant was acting under mistake of law or fact. As to the alleged fraud and undue influence used at the making of the deed, the trial court held that it was insufficient, even if proven, without some evidence tending to show that the lease was made under some such influence or through what would be regarded as mistake of law or fact legally appearing, and hence that "the evidence tending to show fraud in the execution of the deed cannot be considered." The evidence of alleged fraud attending the execution of the deed is in conflict, and there is evidence tending to show that defendant was mentally competent and fully understood the nature of the transaction, and entered into it free from any undue influence of plaintiff. The order may rest upon the insufficiency of the evidence to justify the verdict. We do not deem it necessary to notice the numerous alleged errors of law occurring at the trial; they relate to the admission or exclusion of evidence and to certain instructions given or refused by the court, and may not arise again.

It is objected by appellant that the description given the property in the complaint is so defective as to make the lease void. As there must be a new trial, the plaintiff may obviate this objection, if well grounded, by amendment of the complaint or by evidence at the trial. In the present stage of the case defendant is not injured, for no relief under the complaint has as yet been given plaintiff. The evidence tends to show that defendant understood what land was embraced in the lease, and no doubt a correct description of it can be given if it has not been.

Respondent contends, as we understand the brief of counsel, that defendant is estopped to deny his landlord's title under the general rule that a lessee cannot, in an action involving possession or right of possession, question the title of his landlord; that defendant must first go into the equity court and have the deed set aside, if made through fraud or undue

influence. While desiring to avoid the discussion of questions that may not hereafter arise, it is proper, perhaps, to say that, in our opinion, the defendant may show, as part of the transaction leading up to the lease, and as evidence bearing upon the question of fraud and undue influence in the execution of the lease, that the deed as well as the lease was so executed, and to show the relation of each to the other as one transaction. Defendant is not seeking rescission, nor is he asking to have the deed set aside as void; he is simply defending against plaintiff's action on the ground of fraud and undue influence, and asks no affirmative relief. We think he may do this without first rescinding. (*Field* v. *Austin*, 131 Cal. 379, and cases cited. See, also, *Hart* v. *Church*, 126 Cal. 471.[1]) The answer is intended to set forth what in *Toby* v. *Oregon R. R. Co.*, 98 Cal. 490, is termed "Defensive relief, whereby the fraud is set up by way of defense to defeat an action brought to enforce an apparent obligation or liability." (Pomeroy's Equity Jurisprudence, sec. 872.)

It is advised that the order should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the order is affirmed.     McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.