# CHARLESTON.

HINTON FOUNDRY, MACHINE & PLUMBING CO.

v.

THE LILLY LUMBER CO.

Submitted January 6, 1914.  Decided January 14, 1914.

1.  LANDLORD AND TENANT—*Lease—Construction—Tenancy at Will.*
    A lease for no fixed term, reserving a nominal rent payable annually, giving lessee right to occupy the premises "until such time as shall be required by the party of the first part (lessor) for

building purposes or for use in connection with its business,''
creates an estate at will.   (p. 479).

2.   SAME—*Tenancy at Will—Termination—Mutual Right.*

An estate at will may be terminated by either lessor or lessee at
any time, on giving the notice required by the terms of the lease,
and if no notice is required by the lease, it may be terminated with-
out notice.  The right to terminate is mutual.  (p. 480).

Error to Circuit Court, Summers County.

Action by Hinton Foundry, Machine & Plumbing Company
against The Lilly Lumber Company.  Judgment for defend-
ant, and plaintiff brings error.

*Reversed and Remanded.*

*A. D. Daly* and *Brown, Jackson & Knight,* for plaintiff in
error.

*R. F. Dunlap,* for defendant in error.

WILLIAMS, JUDGE:

The Hinton Foundry, Machine & Plumbing Company, a
corporation, brought this action of unlawful detainer against
The Lilly Lumber Company, also a corporation, to recover
possession of a lot of ground in the town of Avis, Summers
county, which it was occupying as a lumber yard, under a
demise from plaintiff.  The action originated before a justice
of the peace and was appealed to the circuit court where a
trial by jury was had and a verdict rendered for defendant at
the direction of the court; and plaintiff was awarded this writ
of error.

The deed of lease bears date October 16th, 1906, and, after
describing the premises demised, continues as follows: ''this
lease covers all of the said lot except such parts as the said
party of the first part shall desire to use for buildings or for
storing fuel, coke, iron or other material or products used or
produced in connection with its Foundry, Machine & Plumb-
ing business, there is also except any ground which the said
party of the first part may desire to use for coal *tipping* or
coal yard, this lease covers all of the said lot except as above
excepted and gives the said party of the second part the use
and control of it for a lumber yard until such time as shall be
required by the party of the first part for building purposes

or for use in connection with its business. For the said ground the said party of the second part is to pay a rental of $1.00 per year so long as it holds possession and uses said ground, but it is expressly understood and agreed that at any time the said party of the first part shall require or need that portion of the lot conveyed by this lease or any part of it, that the said party of the second part shall surrender peaceable possession of the same on 90 days notice.''

On the 20th day of January, 1910, plaintiff served notice on defendant to vacate the premises by the 20th of the following April. No reason was assigned in the notice for demanding the premises.

Counsel for defendant contends (1) that the demise was for a year with the continued right of possession, by the annual payment of rental, until terminated by ninety days notice of the happening of the events specified in the lease; or, (2) if not an estate with a conditional limitation, then it is a tenancy from year to year determinable only at the end of a year by ninety days notice previously given; and that in either event the notice was not sufficient; first, because it did not state the happening of the event which, it is insisted, was essential to terminate the lease; and second, because possession was demanded in April, when the current year ended 16th October. We note, however, that the action was not begun before the justice until April 21, 1911, a year and one day after the time when possession was demanded. But we do not regard this point as material. The vital question is, what was the character of the lease? Was it a lease for an uncertain duration determinable only by plaintiff's need of the ground for buildings, or for such other purposes as are named in the lease; or, does the deed create a tenancy from year to year, or only a tenancy at will? It is clear that no definite term is fixed by the terms of the lease; and it is equally certain that defendant is not bound to occupy, or to pay rent, for any certain period. It could surrender the premises at any time. Therefore, as to the lessee, it is certainly a tenancy at will. The rental value of the leased premises is proven to be at least $25 per month. It thus appears that the rent stipulated in the lease is only nominal.

The right to use the land ''until such time as shall be

required by the party of the first part for building purposes. or for use in connection with its business," created an estate of uncertain duration. There was no way of determining when that event would happen. It might happen in six months, and it might not happen for fifty years. This made the estate, not one for any certain term however short or long, but one of uncertain duration; and the law is, that such an estate is an estate at will. It is an essential element of an estate for a term, that it have a definite time to end as well as to begin. 24 Cyc. 902; *Clayton* v. *Burtenshaw,* 5 B. & C. 41, 108 Eng. Rep. 16; *Doe dem. Wood* v. *Clarke,* 7 A. & E. 210; *Colclough* v. *Carpeles,* 89 Wis. 239. In *Corby* v. *McSpadden,* 63 Mo. App. 648, it was held that: "A lease 'for a period commencing, etc., and until the party of the first part is prepared to improve the ground with new buildings,' is for an uncertain term and creates only an estate at will." And in *Lea* v. *Hernandez,* 10 Tex. 137, it was held that a lease, "to hold until the property should be sold, created a tenancy at will only." The following cases are to the same effect: *Murray* v. *Cherrington,* 99 Mass. 229; *Cheever* v. *Pearson,* 33 Mass. 266.

We do not mean to say that a leasehold may not be determined by a contingency. A lease may contain a conditional limitation which will terminate the estate upon the happening of the contingency. But a lease, other than one at will, must have a definite period of termination, in any event, and it may be determined sooner by a contingency. Such leases are common. The ordinary leases for oil and gas are of this character, but they are usually made to end at a certain time if oil or gas is not discovered. But if the duration of the estate is to be measured alone by the happening of a contingency, it becomes merely an estate at will.

A tenancy at will may be terminated at any time by either party. 1 Coke's First Institutes, 55a. Mr. Minor says, 2 Min. Inst. (2nd ed.) 172, the right to terminate the estate is a mutual one, notwithstanding the instrument of lease may expressly, or exclusively, declare that the estate is to be determined at the will of one party only.

"If one party may terminate an estate at his will, so may the other. Right to terminate is mutual." *Cowan* v. *Radford*

*Iron Co.,* 83 Va. 547. This principle was reannounced by this court, *in haec verba,* in *Eclipse Oil Co.* v. *South Penn Oil Co.* 47 W. Va. 84.

"When a lease is made to have and to hold at the will of the lessor, the law implies it to be at the will of the lessee also, and *vice versa.*" *Doe* v. *Richards,* 4 Ind. 374; *Knight* v. *Indiana Coal and Iron Co.,* 47 Ind. 105, 17 Am. Rep. 692.

The reservation of $1.00 a year rent does not prove an intention to create an estate from year to year. While it is true that the reservation of annual rental is a circumstance, proper to be considered when it is doubtful whether an estate at will or one from year to year was intended, and is often sufficient to turn the scale in favor of a lease from year to year, 24 Cyc. 1028; yet, when there is a great disproportion between the rent reserved and. the actual value, it is evidence against an intention to create such estate. *Roe* v. *Prideaux,* 10 East 158.

The estate was one at will, and plaintiff had a right to terminate it at any time, on giving ninety days notice. The notice given was sufficient. It was not necessary to assign reasons for demanding possession.

We reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed and Remanded.*