Submitted on briefs December 4, 1923, reversed and remanded January 14, 1924.

## LUM SING *v.* JOSEPH GRIBLER.

(221 Pac. 1060.)

**Landlord and Tenant—Existence of Valid Tenancy and Wrongful Eviction Held Sufficiently Alleged.**

1. The complaint in a tenant's action for damages and wrongful dispossession *held* to sufficiently state the existence of a valid tenancy and eviction without right.

**Landlord and Tenant—Landlord must Show Right to Terminate Tenancy.**

2. To put an end to a valid tenancy, the landlord must show some right to do so.

**Pleading—Defense not Disclosed by Complaint cannot be Asserted by Demurrer.**

3. Where the complaint, in a tenant's action for wrongful eviction, does not disclose the landlord's right to terminate the tenancy,

such right cannot be asserted by demurrer, but must be the subject of an answer.

**Landlord and Tenant—Notice of Termination of Tenancy at will Required Before Ouster.**

4. Notice of termination of a tenancy at will is required before the landlord can oust the tenant.

**Appeal and Error—Fact not in Record not Considered.**

5. Whether a landlord sued for wrongful eviction served a written notice on plaintiff to vacate the premises, as asserted in defendant's brief, cannot be considered, where such a fact is not in the record.

**Landlord and Tenant—Lessor may Limit Right to Terminate Tenancy on Notice by Agreement to Permit Occupancy Until Sale.**

6. Either party to a compact creating a tenancy at will may limit or circumscribe his right under Section 2528, Or. L., as amended by act of February 23, 1921 (Laws 1921, p. 353), to terminate the estate on notice, as by an agreement that lessee might occupy the premises until lessor sold them, which is not contrary to law.

**Pleading—Demurrer to Complaint for Wrongful Eviction Admits Contract Stated Therein.**

7. A demurrer to the complaint, in an action for wrongful eviction of a tenant, admits the contract stated therein.

**Landlord and Tenant—Tenant at Will Held Entitled to Damages in Tort for Eviction, in Violation of Condition as to Termination.**

8. A tenant, evicted in violation of a contract permitting him to occupy the premises until sold by lessor, may recover damages in tort, though the estate created is one at will, terminable on notice, under Section 2528, Or. L., as amended by act of February 23, 1921 (Laws 1921, p. 353), if not otherwise provided; such limitation of the term being a condition and not a covenant.

**Landlord and Tenant—Lessee Evicted Held Entitled to Damages as for Wrongful Rescission.**

9. Lessee under a lease to run until a sale of the property may recover damages for eviction without sale as for breach of the contract by wrongful rescission.

From Clatsop: J. A. EAKIN, Judge

In Banc.

REVERSED AND REMANDED.

5. Construction of provision in lease as to termination of lease-hold in case of sale of premises, see note in **L. R. A.** 1915C, 234.

9. Damages recoverable by tenant for wrongful eviction, see notes in 6 **Ann. Cas.** 460; **Ann. Cas.** 1912A, 860.

For appellant there was a brief over the name of
*Messrs. Norblad & Hesse.*

For respondent there was a brief over the name of
*Mr. James L. Hope.*

BURNETT, J.—The plaintiff, claiming to be the
tenant of realty under lease from the defendant, avers
in substance that the landlord, without any right,
dispossessed him to his damage in certain particulars
and in certain sums mentioned.  His allegation is to
the effect that during the month of March, 1913, the
defendant, at an agreed and stipulated monthly pay-
ment to be made by the plaintiff, orally let to the
plaintiff and the plaintiff rented from the defendant
a certain described building in Astoria "until the
real property upon which said building was erected
and standing should be sold by the said defendant,"
and that plaintiff immediately went into and re-
mained in possession thereof continuously until May
2, 1921, when he was wrongly dispossessed by the
defendant.  It is stated that the plaintiff, on the first
of each month, paid the stipulated rent to the defend-
ant up to and including the rent for April, 1921,
all of which was accepted by the defendant.  He
states that, with the consent of the landlord, the
plaintiff built an addition to the building with the
understanding that with the termination of his
tenancy he should have permission to move the addi-
tion together with an awning which he had attached
to the structure.  The grievance complained of is
that on May 2, 1921, the defendant, by himself and
with the aid and assistance of other persons, against
the remonstrance and objections of the plaintiff, and
without having sold the property, disconnected the

water-pipes, electric lights and telephone wires, raised the building, hauled it off the premises, destroying the addition to the building mentioned and the awning, and ejected and evicted the plaintiff from the real property. For this, he claims damages in certain sums and elements not necessary to be stated here. The Circuit Court sustained a demurrer to the complaint and, as the plaintiff refused to plead further, dismissed the action and the plaintiff appealed.

1-5. Unquestionably, the complaint states the existence of a valid tenancy, and an eviction without right so far as appears by the complaint. If the landlord would put an end to that tenancy, it is incumbent upon him to show some right to do so. That right is not disclosed by the complaint, and, this being true, it cannot be asserted by a demurrer but must be the subject of an answer. The complaint says nothing about any notice to quit. On the theory that the estate described in the complaint is one at will, notice of the termination thereof is required before the landlord can oust the tenant, either by his own action or by process of law. In the defendant's brief, indeed, he uses this language:

"We do not think it would be amiss for this court to note at this time, although same is not in the record, that defendant did serve written notice upon plaintiff to vacate the premises and the plaintiff refused to do so."

This does not rise even to the dignity of a speaking demurrer. It is not among the pleadings and appears for the first time in the defendant's brief in this court. The fact that "same is not in the record" excludes it from our consideration for this is, indeed, a court of record. The case must be considered upon the complaint and the general demurrer to

the same. For want of any right in the defendant to terminate the lease, so far as the statements of the complaint disclose, the demurrer to the same ought to have been overruled and in that view, the judgment of the Circuit Court was erroneous and must be reversed.

6-8. The parties, however, have urged upon us consideration of certain statutes, the application of which must be determined, particularly Section 2528, Or. L., reading thus:

"One who holds the lands or tenements of another, under the demise of such other, and no certain time has been mentioned, but a monthly rental has been reserved, shall be considered and held as a tenant from month to month, and a notice to terminate a tenancy from month to month shall be sufficient if it be given for a period of twenty days prior to the expiration of any such month."

This statute has been amended by the act of February 23, 1921, in respect to the method of terminating the tenancy, which is provided in these words:

"and, except as otherwise provided by statute or agreement, such tenancy may only be terminated by either the landlord or tenant giving the other notice for a period of twenty days prior to the expiration of any such month."

It may be conceded that the statute quoted creates a tenancy at will, terminable at the end of any month if nothing else is stated as to the time when the lease shall be ended. Cases illustrative of this are stated in the defendant's brief, such as *Hinton Foundation etc. Co. v. Lilly Lumber Co.,* 73 W. Va. 477 (80 S. E. 773), where the lease gave the tenant the right to occupy the premises "until such time as they shall be required by the party of the first part

[lessor], for building purposes or for use in connection with its business." *Murray* v. *Cherrington,* 99 Mass. 229, cited by the defendant, was a case where the plaintiff was to let the defendant into a dwelling-house when it was completed, at a monthly rental, stipulating that if after two years' occupancy by the latter the plaintiff wished to occupy same, he might do so. This was held a tenancy at will because the defendant was not bound to keep it for two years but he could surrender it at pleasure and the landlord was not bound to a certain term unless the defendant was similarly obligated.

In the case at bar, the beginning of the term is made certain by the entry of the tenant with the consent of the landlord. The end of the tenancy is uncertain because it is made to depend upon an event which may or may not happen, namely, the sale of the premises by the defendant. Taken alone, this creates an estate at will, but this is not all of the complaint. Indeed, the statute gives the landlord or the tenant in such a case, the right to terminate such an estate on notice. It is competent, however, for either party to such a compact to limit or circumscribe his statutory right. In this instance, according to the complaint, the defendant bound himself by his lease to the plaintiff, that the latter might occupy the realty until the former should sell the same. He has said to the plaintiff that "only in this manner will I exercise my prerogative to terminate this estate at will."

9. A man may, by contract, waive any statutory right he has unless such waiver is contrary to public policy. In this instance, such a restriction on his lawful right is not contrary to law. He had a right thus to restrict his otherwise unrestricted prerogative.

According to the complaint, if the tenant otherwise complied with the terms of the lease, the landlord had no right to evict him except upon sale of the premises. The statute was not designed as a Procrustean bed rendering unlawful a contract for an indefinite term which does not precisely fall within the language of the statute. Conceding, as we must, that in its main features an estate at will was created, which the plaintiff might surrender at his discretion on proper notice, yet it is common sense and in accordance with the stated contract made by the defendant and admitted by the demurrer to hold that the latter has made a stipulation the effect of which is voluntary to limit his discretion in ending the estate by agreeing that it should be terminated only upon the sale of the property. If the defendant contracted that the plaintiff should occupy the property until it should be sold, the plaintiff was entitled to thus occupy it and it was a tort to evict him without the property having been sold. Such a condition was recognized and enforced by this court in *McClung* v. *McPherson,* 47 Or. 73 (81 Pac. 567, 82 Pac. 13). That the language limiting the term to a sale of the property is a condition and not a covenant is taught by *Diepenbrock* v. *Luiz,* 159 Cal. 716 (115 Pac. 743, Ann. Cas. 1912C, 1084, L. R. A. 1915C, 234 and note). According to the following precedents, the lessee may defend against any action based upon the theory that the lease is or can be terminated by a sale, by proving that the supposed sale was merely colorable: *Ela* v. *Bankes,* 37 Wis. 89; *Ogle* v. *Hubbell,* 1 Cal. App. 357 (82 Pac. 217); *Muzzy* v. *Allen,* 25 N. J. L. 471; *Budlong* v. *Budlong,* 31 Wash. 228 (71 Pac. 751). It follows that if the defendant may defend his possession under such a lease by showing

that the supposed sale is sham, much more may he recover damages where he has been evicted without any pretense of sale. It is a case where as of right the plaintiff treats the conduct of the defendant as a wrongful rescission of the contract and has sued to recover damages for the breach. On this ground likewise it was error to sustain the demurrer. The judgment is reversed and the cause remanded for further proceedings.        REVERSED AND REMANDED.

McBRIDE, C. J., and BROWN, J., concur.

HARRIS, BEAN, RAND and McCOURT, JJ., concur in the results.