## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 6665.    April 29, 1948.]

J. C. NYULASSIE, Appellant, v. P. MOZER, Respondent.

Kelsey Petterson for Appellant.

William Katz for Respondent.

STEPHENS, J.—This is an action for damages by a tenant based upon fraud and deceit by which plaintiff was induced by the landlord to quit and deliver up possession of certain housing accommodations occupied by plaintiff. The trial court sustained a demurrer, without leave to amend, to plaintiff's amended complaint, and therefore all of the allegations thereof must, for our purposes, be taken as true.

They are, briefly, that defendant was the owner and plaintiff the tenant of said premises; that defendant obtained from the Rent Director, on October 1, 1946, a certificate relating to eviction by the terms of which defendant was authorized to pursue his local remedies for eviction of plaintiff four months from August 21, 1946, upon the sole condition, however, that the premises were to be used for the use and occupancy of Mr. and Mrs. Maurrie Mozer, son and daughter-in-law of defendant; that on October 17, 1946, defendant served plaintiff with a notice to quit and deliver up possession by December 21, 1946, stating it was required for the purpose above indicated, and reciting that it was given pursuant to certificate of the Office of Price Administration; that said representations concerning the intended immediate use were false and known by defendant to be false and were made with intent to deceive and defraud plaintiff; that in truth defendant at the time had no daughter-in-law and did not intend that his son would occupy said premises; that plaintiff believed and relied upon said representations and was induced thereby on or about December 21, 1946 to quit and deliver up possession of said premises to defendant; that as a direct and proximate

result of this fraud and deceit plaintiff was damaged (in certain alleged amounts).

We are of the opinion that this complaint clearly sets forth a cause of action and that the trial court was in error in sustaining a demurrer thereto without leave to amend.

Section 1709 of the Civil Code provides that "One who wilfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Section 1710, Civil Code, says that "A deceit, within the meaning of the last section is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; . . ."

In the case of *Davis* v. *Schweikert* (1900), 130 Cal. 143 [62 P. 411], the Supreme Court had before it the following situation: Defendant Albert Schweikert leased to plaintiff certain property for a term of five years; this lease contained a provision that if during the term defendant should sell the property, the lessee would yield possession and deliver up the premises to lessor; after one year defendant Albert Schweikert wanted to get rid of plaintiff and in order to do so made a sham and fraudulent deed to his wife (codefendant); the latter then told plaintiff that she had bought the property and paid $6,000 for it and wanted possession; plaintiff believed this, and relying thereon, moved out and gave up possession; later he learned that the supposed sale was a pretended and fraudulent transaction and brought an action for damages. The Supreme Court in upholding a verdict in his favor said: "The lease conveyed to plaintiff the premises for the term of five years, subject to the condition expressly written in the lease that it should terminate upon the property being sold by the lessor. The covenant must be understood as meaning an actual *bona fide* sale, and not a fraudulent one. It was not contemplated—or at least, the law does not contemplate—that the lessor could by a pretended fraudulent sale, made for the very purpose of defeating his lessee of his estate, avoid the lease and thus take advantage of his own wrong. The plaintiff therefore, having a conveyance subject to be defeated upon condition, is entitled and was entitled to the estate so conveyed, unless the defendant could and did show that the conveyance was made in good faith and was such conveyance as contemplated in the lease. We think the evidence is amply sufficient to sustain the verdict."

■ The principles enunciated therein by the Supreme Court are applicable here. The basis of the action before us is the deceit practiced directly upon plaintiff, by the contents of the notice served upon him, and the fact that as a necessary step in the fraudulent plan defendant also deceived the Office of Price Administration in order to get the certificate does not alter the situation. Nor is plaintiff's right of action in any way changed by the fact that he is deprived of a right accorded him by statute rather than one based upon contract.

In the recent case of *Rosenbluth* v. *Sackadorf* (Dec. 1947), 76 N.Y.S.2d 447, the Supreme Court of New York had before it a case similar in most essentials to the case before us. Defendant had obtained a certificate of eviction from the O.P.A. by false and fraudulent representations and thereafter by the same false testimony obtained a final order from the municipal court directing plaintiff to vacate by a certain date, which he did. Thereafter defendant rented the apartment to another tenant at a higher rental and plaintiff brought his action for damages in the Supreme Court. Upon motion to dismiss the complaint for legal insufficiency, the court sustained the complaint. We quote from the opinion: ''The misrepresentations made to the O.P.A. and the court were in essence continuous and were but part of the whole picture of misrepresentation to the plaintiff, for defendants' ultimate motive was to defraud the plaintiff. Their liability to the plaintiff, as the person defrauded, is the same as if the false representations had been made directly to him. [In our case the misrepresentations *were* made directly to plaintiff.] *Eaton, Cole & Burnham Co.* v. *Avery,* 83 N.Y. 31, 38 Am.Rep. 389; *Ultramares Corporation* v. *Touche,* 255 N.Y. 170, 179, 174 N.E. 441, 444, 74 A.L.R. 1139. . . .

''Assuming that a landlord and tenant in a written lease agreed that the tenant must vacate, regardless of the expiration date of the lease, whenever the landlord chose to occupy the tenant's apartment. Assume, further, that the landlord gave notice to the tenant that he so desired it, but subsequently it developed that that was never his intention. Can it be denied that the tenant, having given up the balance of his term on the strength of such representation at substantial damage to himself, could not (sic) sue in fraud to recover such damage? [It will be noted that the court might well have cited *Davis* v. *Schweikert, supra,* in answer to his question.] It needs no argument to demonstrate that the same result must follow where the tenant has a statutory

right, for to deprive one of such a right is no less redressable than to deprive him of a contractual right.''

We are not here concerned with the effect of an intervening determination by a court upon the truth of the representations, involved in that case but not in ours. In the case before us there is not only no determination thereof by a court, but even if it be argued that the finding by the O.P.A. would present a similar situation (which we do not decide), an examination of the dates as hereinabove noted discloses that the false representations were made to plaintiff herein subsequently to the issuance of the certificate by the O.P.A. (See also, to the same effect, *Reid* v. *Brown* (Oct. 1946), 49 A.2d 311, by the District Court of New Jersey.)

We find no inconsistency between the holding in the case of *Tranchina* v. *Arcinas* (1947), 78 Cal.App.2d 522 [178 P.2d 65], cited by respondents, and the views herein expressed, for in that case the gist of the action, that is, the wrong done to the plaintiff, was not the fraud practiced upon plaintiff, by which he was induced to quit as in the case at bar, but the ''perversion of the writ of possession to a purpose forbidden by law'' which ''amounted to an actionable abuse of the process of the court.'' (Pp. 524, 525.) Respondents also rely upon two cases by the United States District Court (E. Dist. of Pa.), *Leidy* v. *Connor* (Mar. 1947), 70 F.Supp. 1022, and *Fleming* v. *Posternock* (Mar. 1947), 71 F.Supp. 821. In both of those cases, however, the complaint of the tenant (complaint in intervention, in the latter) was based upon a supposed cause of action founded upon the statute itself (Emergency Price Control Act of 1942), and in each case the court held that such a suit was not provided for by the statute. The case of *Thomsen* v. *Texon*, 189 Misc. 972 [73 N.Y.S.2d 543], cited by appellant, was not only not followed, but was specifically rejected in a later decision by another court of the same jurisdiction in New York (*Rosenbluth* v. *Sackadorf, supra*). The decision of this court in *Loos* v. *Greve*, Civ. A. 6426 (Feb. 1947) (not published), relied upon by appellant, is not in conflict with our present ruling, for in that case, as pointed out in the decision, it appeared from the somewhat vague allegations of the complaint that plaintiff quit voluntarily after service of some sort of notice, the exact contents of which did not appear but which apparently entirely misconstrued the O.P.A. certificate, and notwithstanding the fact that no steps had been taken to even terminate the tenancy, much less to

evict the tenant. No representations made to the plaintiff appeared in that case.

The judgment dismissing plaintiff's complaint is reversed with instructions to overrule the demurrer, appellant to recover his costs of appeal.

Shaw, P. J., and Bishop, J., concurred.