Ela and another vs. Bankes.

---

## ELA and another vs. BANKES.

LEASE. (1, 2) *Terminable on sale. Landlord may convey premises with object to terminate. Colorable sale will not terminate.*
DELIVERY OF DEED. (3)*When question of, properly submitted to jury.*
REPLEVIN. (4, 5) *Verdict for defendant in, held sufficient.* (6) *Judgment in, for defendant for return or value of whole property erroneous, when one of plaintiffs is tenant in common.*

1. A lease of a farm for a term of years provided that it should be "subject to termination by a sale of the farm." During the term, R. E., the lessor, notified the lessee, on the 15th of June, that he had sold the farm and would settle with him in reference to the crops, etc., according to the terms of their agreement. On the 20th of July following, Mrs. E., the lessor's wife, demanded a surrender of the farm to her

on the ground that the lease had terminated by the sale of the farm to her on the 30th of April previous, and by notice of such sale given to the lessee. Afterwards Mrs. E. commenced an action, in which her husband joined, against the lessee, to recover possession of certain hay and grain in the straw, cut by the lessee from such farm, but alleged to belong to Mrs. E., as owner of the land at the time of such cutting. Plaintiffs acquired possession of the property, under the statute. Defendant claimed to have been in possession as tenant in common with R. E., each owning a half interest, and denied that there had been a *bona fide* sale of the lands to Mrs. E., alleging that the pretended sale and conveyance were made merely for the purpose of fraudulently terminating the lease, and with an agreement between the plaintiffs that, after defendant should be dispossessed, the land should be reconveyed to R. E. *Held*,

(1) That the lessor could make a valid sale to his wife, she purchasing with, or on the credit of, her separate estate.

(2) That if the lessor made an actual *bona fide* sale, it would not be invalid because one of his reasons for selling was a desire to terminate the lease.

2. The jury were instructed that " if plaintiff only went through the forms of a sale and conveyance, not intending to vest the title in the wife on a good consideration, but only in form to convey to her until the lease could be terminated, and then make a conveyance, or lease the property subject to the disposition and control of the grantor, such a transaction would be a fraud on the defendant, and would not terminate the lease." *Held*, that there was no error in this instruction, there being evidence to which it was pertinent.

3. Under the evidence in this case there was no error in submitting to the jury the question whether said deed to Mrs. E. was ever delivered, instructing them that such delivery might be made by actually handing the deed to her personally; or by leaving it at some place by her direction and for her benefit; or by having it recorded for her benefit, she subsequently ratifying the act; and that in case of such ratification, the delivery would be good from that time.

4. The jury found " for the defendant, and that he was entitled to the possession of the property," and also found its value and his damages for its detention. *Held*, that in view of the issues submitted, the verdict must be construed as a finding that the property belonged *to defendant and R. E. as tenants in common*, each owning one-half thereof; and as the value of defendant's interest may be determined therefrom by computation, it is not defective for failing to find such value expressly; and it substantially disposes of all the issues.

5. The judgment being for a return of the property to defendant, or for

its *entire value* in case a return could not be had: *Held*, that unless R. E. can recover from defendant one-half of such value, the judgment is erroneous, and must be modified so as to award payment to defendant (in case the property is not returned to him) of only *one-half* its value, besides damages for its detention and costs.

6. R. E. having joined in the action as plaintiff, *it seems* that he will be bound by the judgment therein, and could not recover his half of the value of the property from the defendant, if the judgment of the court below were permitted to stand. That court is therefore directed to modify the judgment as above stated.

APPEAL from the Circuit Court for *Racine* County.

This action was brought by *Emily C. Ela*, her husband joining with her as coplaintiff, for the recovery of possession of certain crops, grown upon certain premises, which crops she claimed to own as her separate estate, and of which she charged that the defendant unlawfully withheld the possession from her; alleging in her complaint due demand, and praying judgment for the property or its value and damages for detention. The answer admitted the possession, but alleged, as a defense, that defendant was in possession as tenant in common with *Richard E. Ela*, husband of the claimant; that the crops were grown on lands occupied by him under a lease from the plaintiff, *Richard E. Ela*, which by its terms was subject to termination upon a sale of the premises, but which had not expired nor become forfeit; that the plaintiff *Emily C.* claimed to own said crops by virtue of a conveyance of said premises from her husband, which, defendant alleged, was made for the express purpose of fraudulently terminating said lease, and with the understanding that after defendant had thereby been dispossessed of the land and crops thereon, she should reconvey the lands to her husband; and that the conveyance was not *bona fide.* The property in question was taken by the sheriff and delivered to the plaintiff upon the usual affidavit and undertaking. The issue was tried by a jury. Evidence on the part of the plaintiff was offered, tending to prove that *Emily C.* had a separate estate, and with it, and upon its credit, had purchased the farm

of her husband, and that it was conveyed to her by a deed, which was of record and offered in evidence. *Richard E. Ela* testified that one reason for selling the farm was to terminate his relation with the defendant; and his wife testified that she was aware that such was one of the reasons for the conveyance. Upon the question of the delivery of the deed, *Mr. Ela* testified that he brought or sent it to the register for record, and that he did not think his wife was present when it was executed. *Mrs. Ela* testified that she could not remember whether she was present when the deed was drawn, or whether she gave directions to have it recorded, and did not know what her husband did with the deed after it was executed; that it was probably put with her other papers, of which her husband had charge. Verdict for defendant, that he was entitled to possession of the property, finding its amount and value, and his damages for detention. The other facts material to the case, and the portions of the instructions to which exceptions were taken, are sufficiently stated in the opinion.

From judgment on the verdict the plaintiffs appealed.

*Fish, Lee & Wegg,* for appellant, argued: 1. The court erred in submitting the question of delivery of the deed to the jury. The evidence, the deed and proof of its record, proved *prima facie* its delivery, and there was no evidence tending to prove nondelivery. Want of memory on *Mrs. Ela's* part was not testimony. *Ball v. Taylor,* 1 Carr. & Payne, 417; 11 Eng. C. L., 438; 2 Greenleaf on Evidence, § 295. There is no evidence showing the deed out of her legal custody. The grantor would be presumed to hold the deed in accordance with his duty growing out of his relation to the grantee, and not as grantor. *Moore v. Hazelton,* 9 Allen, 102; *Fisher v. Hall,* 41 N. Y., 416. 2. The undisputed evidence showed that the conveyance was made for valid and sufficient consideration. The question of fraudulent intent (of which there is no evidence) would be immaterial, as the means adopted could work no injury to the defendant. His contract provided for full compen-

sation in case the lease was terminated.   3.  The court erred in instructing the jury that if the defendant was entitled to recover, he should have verdict for the return or the value of his interest in the property replevied, and in refusing to instruct them to find the value of the defendant's interest.   *Warner v. Hunt,* 30 Wis., 200; *Booth v. Ableman,* 20 id., 21; *Fitzpatrick v. Warren,* 1 Pin. Wis., 541; *Battis v. Hamlin,* 22 Wis., 660; *Child v. Child,* 13 id., 18; *Appleton v. Barrett,* 22 id., 568; *Krause v. Cutting,* 28 id., 655; *Goldsmith v. Bryant,* 26 id., 34; *Newton v. Gardner,* 24 id., 232; *Single v. Barnard,* 29 id., 463; *McCutchin v. Platt,* 22 id., 561.

*Chas. E. Dyer,* of counsel for respondent, argued *inter alia,* that the charge as to delivery, and the submitting of the fact of delivery to the jury were not error.   2 Black. Com., 307; 4 Kent Com., 454; *Roberts v. Jackson,* 1 Wend., 485; *Cooper v. Jackson,* 4 Wis., 537; *Verplank v. Sterry,* 12 Johns., 536; *Jackson v. Phipps,* id., 421; *Jackson v. Dunlap,* 1 Johns. Cas., 114; *Jackson v. Richards,* 6 Cow., 617; *Church v. Gilman,* 15 Wend., 658; *Wiggins v. Lusk,* 12 Ill., 132.   Recording of deed is not evidence of delivery, but merely tends to prove it. *Barnes v. Hatch,* 3 N. H., 304; *Maynard v. Maynard,* 10 Mass., 458; *Frisbie v. McCarty,* 1 Stew. & Port., 61; *Daniel v. Bratton,* 1 Dana, 210; *Chess v. Chess,* 1 Penn., 32.   *Acceptance* by grantee is not to be presumed from recording. *Hudick v. Scovil,* 4 Gilman, 159; *Jackson v. Phipps,* 12 Johns., 421.   The question of delivery is one of fact for jury, under instructions.   *Lindsay v. Lindsay,* 11 Vt., 621; *Hannot v. Swarue,* 8 Watts, 9; *Earle v. Earle,* 1 Spencer, 347.   The defendant was entitled to a return of the whole property, even though *Richard E. Ela* was tenant in common.   This court decided in *Ela v. Bankes,* 32 Wis., 635, that the notice served on defendant was not sufficient to terminate the lease, 30 days notice being necessary.   This action was commenced within the 30 days after service of notice, and defendant was by his contract to thresh the grain and then deliver to *Mr. Ela* his

share.    *Beckwith v. Philleo,* 15 Wis., 223; *Rease v. Farley,* id., 463.

Cole, J.    The plaintiff *Mrs. Ela* founded her right and title to the property in controversy upon a sale and conveyance of the land to her by her husband, the coplaintiff.    It became then essential for her to show an actual sale and conveyance of the premises, in order to maintain the action.    The lease under which the defendant was in possession was liable to be terminated by a sale of the farm.    In case of sale, however, and possession being required by the purchaser, the defendant was to be fully compensated for any crops, or work performed on the farm in the course of an unfinished year.    But the lease manifestly contemplated an actual sale of the farm, and not a mere colorable one, to terminate it.    The lease might have been valuable to the defendant, and he had the right to insist upon the enjoyment of the full term, unless the condition was fulfilled upon which he was to surrender possession.

In respect to the sale and conveyance made by *Ela* to his wife, the court instructed the jury, in substance, that if *Mrs. Ela* had a separate estate she might purchase the farm and take a conveyance thereof; and that if an actual sale was made, it would not be invalid though one of *Ela's* motives for selling was a desire to terminate the lease; that a person might desire to sell for various reasons, and if the reasons were proper, and an actual sale and conveyance were made, such sale would be unobjectionable; but that if the plaintiffs only went through the forms of a sale and conveyance, not intending to vest the title in the wife on a good consideration, but only in form to convey to her until the lease could be terminated, and then to make a conveyance or lease of the property subject to the disposition and control of the grantor, such a transaction would be a fraud on the defendant, and would not terminate his rights under the lease.    And the court made the clear and sharp distinction between an actual sale of the premises pend-

ing the time for which they were leased to the defendant, and a transaction where no actual sale was made, but only the forms of a sale were gone through with to avoid the contract, and with no design really to divest the lessor of the title and control of the farm.

It seems to us that no valid objection can be urged by the plaintiffs against this charge of the court. We have observed that the stipulation evidently contemplated an actual sale and conveyance of the farm to terminate the lease. The vital inquiry in the case, so far as the rights of *Mrs. Ela* were concerned, was, therefore, whether such a sale had been made. Was the transaction a *bona fide* sale, or were the forms of a sale gone through with merely for the purpose of terminating the lease, without any intention of changing the ownership of the farm? If the jury found from the evidence that an actual *bona fide* sale was made, though one of the inducements for making it was a desire on the part of *Ela* to terminate the lease, then they were directed that the growing crop, which included the hay and grain in question, became the property of *Mrs. Ela*, and that the defendant, by the terms of the lease, was entitled to compensation for his work and interest in the crop, from *Ela*. We think this was fairly submitting the issue of fact in respect to the *bona fides* of the sale, to the jury. There was certainly sufficient evidence in the case to carry to the jury the question whether, indeed, the sale was *bona fide*, made with intent to transfer the title and ownership of the property, or was only colorable. It is not deemed necessary, at the present time, to point out that evidence; but an examination of the bill of exceptions will show, we think, that there were facts and circumstances attending the sale which were calculated to raise a suspicion as to its being a *bona fide* transaction. If the sale was merely colorable, made for the purpose of terminating the lease, and to thus obtain possession of the farm, when no actual change of ownership had in fact taken place, the transaction would manifestly be a fraud upon the defendant. For he

had the right to retain the possession and to enjoy all the advantages secured by the lease until an actual *bona fide* sale was made.

The plaintiff *Mrs. Ela*, to prove title to the property replevied, offered in evidence the record of a deed from her husband, bearing date April 30, acknowledged May 25, and recorded August 2, in the year 1872. A question was raised as to whether the deed had ever been delivered to the grantee so as to become operative as a conveyance. Upon that question the court instructed the jury as to what was essential to constitute a valid sale and transfer of real estate. The jury were told that the mere execution of a deed by the grantor was not sufficient, but that there must also be a delivery of the conveyance to the grantee, or to some one for his benefit; and if no actual manual delivery had been made, some facts or cases were suggested by the court, from which, if they were proven by the evidence, a delivery to, and acceptance by the grantee, might be inferred. Now, it is objected on the part of the plaintiffs, that the court erred in submitting the question of delivery of the deed, on the evidence introduced, to be passed upon by the jury. But we think the question of delivery or nondelivery of the conveyance was fairly a question for the consideration of the jury upon the evidence, and that there was no error in submitting it with other questions of fact.

In his answer, the defendant alleged, among other things, that the property described in the complaint was grown upon lands occupied by him under the lease; that he was in possession of it, under the lease, as tenant in common with *Richard E. Ela;* and that the conveyance under which *Mrs. Ela* claimed the property, was fraudulent and void. Under the charge of the court, the jury must have been satisfied that these allegations in the answer were true, and that *Mrs. Ela* had no title to the property in controversy. An objection, however, is taken to the verdict by the plaintiffs, and it is insisted that it does not dispose of all the material issues raised by the plead-

ings. The jury, in their verdict, say they find for the defendant, and that he was entitled to the possession of the property described in the complaint; they find the value of the entire property, and the amount of damages which the defendant sustained by its detention. Upon this verdict, a judgment was entered for the return of the property to the possession of the defendant; and, in case a return could not be had, for its entire value in money. We think the verdict substantially disposes of all the material issues. It finds that the defendant was entitled to the possession, and, in effect, finds that the property belongs to him and *Richard E. Ela.* This, we think, is the meaning of the verdict in view of the issues submitted. The verdict might have formally found the value of the defendant's interest, instead of finding the value of the entire property; but that is readily ascertained by computation, as it now stands. We do not consider that it is open to the objection taken to the verdict in *Warner v. Hunt*, 30 Wis., 200; *Booth v. Ableman*, 20 id., 21, and that class of cases. By the terms of the lease referred to in the answer, the defendant and *Richard E. Ela* owned the crop as tenants in common, and a finding for the defendant upon that issue is equivalent to saying that they own the property in this proportion. But the judgment not only gives the defendant the possession of the property, but its entire money value, though, in the answer, it appears the defendant only owned one half. There is, then, a manifest error in the judgment, as it now stands, in awarding to the defendant the entire value, instead of entering up, on the verdict, a judgment for his interest. There is really no necessity for a new trial, but the judgment must be reversed, and the cause remanded with directions to the circuit court to enter such a judgment as the defendant was entitled to, as was done in *Everit v. The Walworth County Bank*, 13 Wis., 420. For it seems obvious that, unless the defendant is answerable over to *Richard E. Ela* for his share, he has no right to recover the value of that share in this action; and the ques-

tion is therefore presented, in view of the order we have concluded to make, whether *Richard E. Ela* could maintain an action for the value of that share if the judgment were allowed to stand as it now is. And we have very serious doubts upon that point, and are inclined to hold that he is concluded by the judgment. The property replevied was delivered to the plaintiffs, and *Richard E. Ela* is not only joined as a coplaintiff, but he signed the undertaking for the return of the property, and also executed a receipt to the sheriff for the same, on his own behalf and as agent for his wife. He has seen fit to become a party to the action, and we think his rights are concluded by the litigation. If he had not voluntarily made himself a party to the suit, as he has done, a somewhat different question would have been presented. But, upon this record, he must be held estopped by the litigation; and judgment should be entered for only the defendant's interest, damages and costs. This would be the proper judgment on the verdict.

It was further objected that the verdict, as to the quantity and value of the property, was excessive, and not supported by the evidence. This objection we deem untenable. There was a conflict in the testimony on that question, but there is certainly evidence to support the finding of the jury. But, for the reasons above given, the judgment must be reversed, and the cause must be remanded with directions to enter the proper judgment on the verdict.

*By the Court.* — It is so ordered.