Curtis G. Bupp,

vs.

Bernard Kleitz and George Kleitz, Lawrence J. Broman, and William Tinsman.

*New Castle, June 30, 1917.*

As the writ of certiorari does not, under Rev. Code 1915, § 4083, effect a stay of proceedings, such writ does not, where irregularities in a judgment rendered by a justice of the peace did not appear of the face of the record, afford an adequate remedy at law, preventing a proceeding to enjoin enforcement of the judgment, even though the irregularities might have been brought into the record by some auxiliary proceeding.

The omission of the return day from a writ of summons issued by a justice of the peace is no ground for enjoining the enforcement of the judgment rendered by the justice, though the writ was irregular, for the purpose of the writ of summons is to give notice to the defendant of the time and place of hearing, and defendant had such notice; the date being fiilled in by the constable at the time of the service of the writ.

As Rev. Code 1915, § 4009, allowing a defendant in justice court one adjournment, does not apply to the summary remedy given landlords against holding-over tenants, and section 4075 merely declares that a justice may grant an adjournment, the refusal of a justice to grant defendant in summary proceedings an adjournment does not warrant the enjoining of his judgment.

That the constable, after serving one writ of summons, served another writ specifiying a later return day, does not warrant the enjoining of a judgment of a justice of the peace, based on the first writ, upon the ground of confusion or mistake, for service of the second did not relieve defendant of the duty to appear according to the command of the first.

INJUNCTION Bill. The complainant, being the tenant of premises in the City of Wilmington, known as No. 832 Market Street, filed a bill to restrain proceedings instituted before a justice of the peace by Bernard Kleitz and George Kleitz, owners of the premises, to secure possession thereof. The case before the justice was heard by referees and judgment rendered

in favor of the owners of the property. The alleged irregularities in the proceedings before the justice are stated in the opinion.

The cause was heard on bill and affidavits at the return of a rule requiring the defendants to show cause why a preliminary injunction should not be issued.

*Robert Adair*, for the complainant.
*William T. Lynam*, for the defendants.

THE CHANCELLOR. The complainant relies on several informalities to entitle him to an injunction to restrain further proceedings on the judgment against him obtained before the justice of the peace in the action brought by the defendants, Bernard and George Kleitz, to recover possession as a holding-over tenant. (1) The writ of summons when and as issued by the justice of the peace did not contain a statement of the return day thereof, the date and hour, but not the day of the month being filled in by the constable at the time of the service thereof. (2) The justice of the peace refused to grant an adjournment on the day and at the hour fixed by the summons. (3) On the day following the service of the summons another summons for the same cause of action was served on the complainant, returnable at a later date than the first summons, the constable stating that there was an irregularity in the prior writ as the reason for issuing the later one.

There was no dispute as to the foregoing facts at the hearing for a preliminary injunction. The complainant urged confusion, surprise and legal fraud arising from the duplication of writs of summons and proceedings, and that he had a legal defense to the action in that by a written agreement between him and the defendants he was entitled to possession as tenant for a term which had not expired.

It appeared by the bill that two days before the date fixed in the first summons the solicitor for the complainant, who appeared for the complainant at the trial, had received from the attorney for the defendants in this cause, and who appeared for them at the trial before the justice of the peace,

notice that he would insist upon trial at the date and hour fixed in the first summons.

None of the matters above referred to appear in the record of the justice of the peace, which is apparently regular in showing jurisdiction of parties and the cause, appearance of the parties, a jury trial, verdict and judgment. Therefore the alleged irregularities, if fatal, are not curable by certiorari. And even if they could be gotten into the record by some auxiliary proceeding, still by the statute the issue of the writ of certiorari does not effect a stay of proceedings. *Revised Code of* 1915, § 4083. The proceeding against the tenant is statutory and summary, and no appeal is allowed. The only effective remedy available for the complainant therefore, is in this court, if there be any here.

It is not necessary to consider in this case a question not discussed, viz: whether or not this court has jurisdiction to restrain a proceeding taken by a landlord against a holding-over tenant, for upon the undisputed facts the complainant is not entitled to relief even if the court has jurisdiction. In *Marvel v. Ortlip*, 3 *Del. Ch.* 9, the question of jurisdiction was raised, but not decided, and in *Clough v. Cook*, 10 *Del. Ch.* 175, 87 *Atl.* 1017, this court recently enjoined the further prosecution of such a proceeding because this court had theretofore taken jurisdiction of the matter by a bill filed by the tenant against the landlord to enforce a covenant for renewal of the lease.

The omission from the writ of the return day when issued by the justice of the peace is not sufficient ground here to enjoin the proceedings before the justice of the peace. However irregular it may have been in this respect technically (as to which no opinion is expressed) the purpose of the writ was to give notice to the party defendant of the time and place of the hearing, and this notice the defendant had.

There was no ground for equitable relief based on the refusal to grant an adjournment. By the statute the justice of the peace "may" grant an adjournment. *Revised Code of* 1915, § 4075. His exercise of discretion if reviewable at all in this court, is not a ground for relief in this case where the defendant

knew that his landlord would insist on hearing at the particular time. The defendant was not entitled to an adjournment as of course. The provision of the general statute (*Revised Code of* 1915, § 4009) as to the jurisdiction and procedure of the justice of the peace allowing to the defendant one adjournment does not apply to the summary remedy given to landlords against holding-over tenants, the latter being enacted as a separate chapter with different procedure and with a distinct purpose to avoid all delays of administration.

Neither did the issuance of the second summons properly lead to confusion or mistake, nor did it relieve the tenant of the duty to appear according to the command of the first summons.

In considering all these matters it has been noted that the complainant had from the start of the case the benefit of legal advice.

It being clear that no cause was shown why the preliminary injunction should be awarded, the rule is discharged, and my views on the points raised have been stated because of the consequences to the complainant of a denial of injunctive relief at this time.

Let an order be entered accordingly.