Elsie Simms,

*vs.*

Samuel Schwartz and Barnet Gluckman, a Justice of the Peace, in and for New Castle County.

*New Castle, July 7, 1926.*

*Robert Adair,* for complainant.
*David J. Reinhardt,* for defendants.

The Chancellor. The complainant is lessee in a lease dated November 1, 1924, between herself and Schwartz Investment Company for No. 113 Connell street, Wilmington, Delaware, the term of which is six months and the rental specified therein is forty dollars per month. The lease contains the following clause:

"It is mutually understood and agreed that within a period of six months the party of the second part has the privilege to apply the difference between rent paid and the carrying charges on said property during said occupancy on account of purchase of same."

No other written agreement touching the privilege of purchase was ever entered into. After some differences and controversies be-

tween the complainant and Samuel Schwartz, who appears to be regarded by the complainant as the Schwartz Investment Company, Schwartz treated the complainant as a tenant from month to month. He instituted action before the defendant Gluckman, a justice of the peace, to oust the complainant from possession as a holding-over tenant.

The complainant seeks to enjoin the proceedings before the justice of the peace on two grounds: First, because the justice of the peace has no jurisdiction; and, second, because she is in possession, not as a tenant, but as a purchaser under a contract of sale, which she asks by her bill may, after an accounting, be specifically enforced.

The point that the justice of the peace has no jurisdiction of the proceedings before him has not been pressed. I can see no ground upon which to base it. It will therefore receive no further notice.

As to the propriety of enjoining the dispossessory action pending before the justice of the peace, that turns on whether the complainant is in possession as a vendee in a contract of sale capable of specific enforcement, or as a tenant, for her objection to being sued before the justice of the peace is based on her status of a vendee in a contract which she seeks by her bill to have carried out.

The principal question, therefore, is this: Do the pleadings and evidence show such a case as justifies a decree for specific performance of the alleged contract of sale?

In cases of specific performance, "unless the contract between the parties is complete and certain in all its essential parts, that is, unless the whole terms of the contract are clear and definitely ascertained, equity will not compel specific performance, for the court cannot, as already stated, supply any term that has not been agreed upon, since that would be rather to make than to execute" a contract. *Godwin v. Collins*, 4 *Houst.* (*Del.*) 28. Chancellor Curtis, in *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *A.* 878, quoted with approval the language of Pomeroy, that "the contract must be concluded, certain, unambiguous," etc., which is undoubtedly the settled law.

Looking at the written language of the lease, where the option of purchasing is given to the complainant, it is apparent that the

element of certainty as to terms which the law of specific performance demands is totally lacking. All that is described is a privilege to purchase. Price, time of payment, whether in full or by installments, what security, if any, was to be given in case only part is paid—such matters are not so much as hinted at. For this court to recognize an enforceable contract of sale as resting on such language as is found in the lease would be tantamount to writing almost the entire agreement for the parties.

If, therefore, there is any right in the complainant to be regarded as having an equitable interest in the premises worthy of recognition here and capable of enforcement by a decree for specific performance, the contract must be evidenced by something other than the option in the lease.

This being so, I turn to the pleadings and the evidence in search for that certainty in the terms of the contract which the written option lacks. And the only definite thing found anywhere is that at the end of six months, both parties agree that the complainant could purchase the property for $4,500. The bill and answer both agree upon this. It also appears to be admitted by both sides that, if the purchase was made, the complainant might have a credit on the purchase price of the difference between the monthly rental paid of $40 and the estimated monthly carrying charges of taxes, interest on a mortgage, etc., estimated at $33 per month. This much is agreed upon. But as to all other matters the parties are in direct conflict as to terms. The complainant on her own showing admits that at the end of the six months period a new agreement was to be drawn which should embody the terms to be then agreed upon concerning amounts and times of payments. I suppose also the matter of security, its amount and character, would also furnish another subject for negotiation preparatory to a final agreement at the end of the six months period. The complainant insists that she was not to pay the full price of $4,500 at the end of the six months, but that terms were to be arranged. What these terms are, she says, was never determined. If the parties never fixed the terms of purchase, this court certainly cannot do so for them.

Laying aside any difficulty arising out of the statute of frauds as applicable to the facts appearing here, I may say that, if this

court undertook to frame a decree for specific performance of a contract for the sale of this land to the complainant, the contract would have to be framed in almost all of its terms by the court, the complainant's own evidence both written and parol, showing a clear case where the parties themselves never settled upon the terms of a bargain.

It therefore follows that, inasmuch as the complainant cannot be regarded by this court as having an equitable interest in the premises capable of enforcement, the prayer for specific performance must fail and with it the prayer also for an injunction against the proceedings before the justice of the peace, the only equity against which is the claim that the complainant is entitled to be regarded as an equitable owner to whom this court might properly direct a deed to be delivered.

Bill dismissed, costs on the complainant. Let a decree be prepared accordingly.