HARRY PEFKAROS,

*vs.*

ROBERT G. HARMAN AND JENNIE E. HARMAN.

*New Castle, July* 10, 1934.

*Harry P. Joslyn,* for complainant.

*John R. Nicholson,* for defendant Robert G. Harman.

*Robert G. Harman,* for defendant Jennie E. Harman.

THE CHANCELLOR: The jurisdiction of the Court of Chancery to entertain suits in proper cases to enjoin parties from prosecuting proceedings at law has not been questioned since the historical conflict between Chief Justice Coke and Lord Chancellor Ellesmere in the reign of James I. The fact that the Legislature designed the legal remedy under the forcible entry and detainer statute to be a summary one, is no indication of a legislative intent to exempt that remedy from Chancery's interference in cases where, according to settled principles, equity is in the exercise of its appropriate jurisdiction.

In *Bupp v. Kleitz, et al.,* 11 *Del. Ch.* 346, 101 *A.* 878, Chancellor Curtis found it unnecessary to pass upon the question of whether or not this court has jurisdiction to restrain a summary proceeding taken by a landlord against a holding-over tenant; and in *Marvel v. Ortlip,* 3 *Del. Ch.* 9, Chancellor Bates, though the question was raised before

him, declined to examine it because on the merits he found no equity in the complainant's case. In *Simms v. Schwartz, et al.,* 15 *Del. Ch.* 195, 134 *A.* 99, the question was not raised.

The question however was raised and passed upon in *Butler v. Topkis, et al.,* (*Del. Ch.*) 63 *A.* 646, decided by Chancellor Nicholson in 1906. That case answers the question in favor of the jurisdiction.

The summary character of the proceeding, with no right of appeal secured to a defeated tenant and in case of *certiorari* with no provision for *supersedeas,* instead of being a reason for denying equity's usual jurisdiction in bills to restrain proceedings at law, as is suggested by the solicitors for the defendants, if allowed to have any weight in the matter at all, ought to have the opposite effect. The fact that the remedy is summary, however, and that it was manifestly intended by the Legislature that the plaintiff in the ouster proceeding, if he should prevail, should not be postponed in the enjoyment of his judgment by protracted proceedings in review of the judgment, is a fact which should put the Chancellor on guard against relaxing in such cases the general principles governing the equity jurisdiction in bills to enjoin proceedings at law, lest resort to equity might be encouraged as a means, if not of trying the law suit, at least of defeating the expeditious progress of it which the statute is intended to secure.

The Supreme Court of Pennsylvania in *Denny v. Fronheiser,* 207 *Pa.* 174, 56 *A.* 406, 407, speaking through Chief Justice Mitchell, said that the jurisdiction of equity to restrain actions at law is too well established to require discussion and that there is nothing in the act of Pennsylvania providing for summary relief to a lessor against a holding over tenant which gives proceedings under it any immunity from such restraint in a proper case. But, he proceeded to state, "the limitations of interference by equity are as well settled as the jurisdiction itself. The case must fall within some one or more of the recognized categories of fraud, accident, or mistake, etc."

In *Butler v. Topkis, et al., supra,* the Chancellor enjoined the defendants from prosecuting before a justice of the peace certain holding-over proceedings. Why? It was bcause the defendants in the dispossessory action, the complainants before the Chancellor, stood on a lease which was good in equity but not recognizable at law. They therefore had no adequate remedy at law by way of defense before the justice of the peace. They had, however, a perfectly good defense which equity recognized. The bill therefore was cognizable before the Chancellor under the familiar principle that where a party is entitled as a matter of right to a remedy but the law is inadequate to afford it, equity will give him relief.

When adequacy of a legal remedy is spoken of as a ground for refusing the interposition of equity, the phrase of course is not confined in its application to those who would be plaintiffs at law. It is equally applicable to those who would be defendants; so that if a defendant in a law suit has a defense cognizable before the law court, he has an adequate remedy at law and will be turned out of equity because in that forum he asserts a case which is available to him as a defense in the law court. *DiLuchio v. Otis Oil Burner Corp.,* 15 *Del. Ch.* 229, 135 *A.* 482; *White, et al., v. Osserman, et al.,* 16 *Del. Ch.* 39, 139 *A.* 761.

It appears to be a rule thoroughly established by the authorities that in forcible entry and detainer cases equitable defenses, in the absence of statutory provisions to the contrary, will not be heard. For cases in support of this principle see the note to 26 *C. J.* 840, § 90; 36 *C. J.* 647, § 1851. Where the defense is an equitable one it is entirely proper for the defendant to resort to equity for its assertion, as in *Butler v. Topkis, et al., supra.*

In the light of these general principles, what is the response which should be made to the pending motion? Answer to that question turns on whether the complainant exhibits a state of facts by way of defense to the action in the court of the justice of the peace which is a legal as

distinguished from an equitable defense and which therefore it is fully within the proper jurisdiction of the justice's court to entertain.

The right of the plaintiff in the ouster proceedings to secure a judgment, is predicated on the proposition that the lease has been terminated under its terms by a sale. There can be no doubt upon this, that the sale which the lease mentions as terminative of its existence, must be a *bona fide* sale. *Muzzy v. Allen,* 25 *N. J. Law,* 471; *Ela v. Bankes,* 37 *Wis.* 89; *Budlong v. Budlong,* 31 *Wash.* 228, 71 *P.* 751; *Ogle v. Hubbel,* 1 *Cal. App.* 357, 82 *P.* 217; *Dunn v. Jaffray,* 36 *Kan.* 408, 13 *P.* 781; *Davis v. Schweikert,* 130 *Cal.* 143, 62 *P.* 411. A fictitious sale, a sale that is only a sham and a pretense, one that is designed solely as a fraudulent scheme to deprive the tenant of the enjoyment of his lease and to enable the lessor to confiscate it for his sole benefit, is not such a sale as satisfies the terms of the lease. Whether the benefit to the lessor is direct or indirect, mediate or immediate, is immaterial. The result would be the same.

That being so, the question comes down to a plain question of fact—was this sale a *bona fide* sale by the defendant Harman to his sister? The complainant asserts it is not; the defendants assert it is. I can see no equitable question in the affirmance and the denial. It is entirely dissimilar to the sort of questions which have prompted courts of equity in the reported cases to take cognizance of the controversy to the exclusion of the legal forum. There is no question here of an equitable title which the tenant cannot set up before the justice of the peace. No elements of an equitable estoppel are here present which the legal forum is disqualified to consider. The question is a pure question of fact—namely, was the sale a *bona fide* sale as contemplated by the contract? If the law proceedings were in the Superior Court, that court would admit evidence upon the question and leave it under proper instructions for the jury to determine. *Muzzy v. Allen,*

*supra.* Within his jurisdiction, the authority of a justice of the peace is just as complete for all purposes of hearing cases before him as is the authority of the Superior Court in the hearing of cases before it. *Jones v. Charles Warner Co.*, 2 *Boyce,* 566, 83 *A.* 131; *Johnson v. State,* 6 *Pennewill,* 450, 67 *A.* 785. The inferiority of the justice's tribunal is therefore wholly immaterial. Because the justice's court is a court of inferior jurisdiction is no reason for allowing the question of fact properly before it to be transferred to this court for determination.

The views above expressed make it unnecessary for me to consider the case on its facts. I express no opinion upon whether the sale was such a *bona fide* sale as the law contemplates. The complainant should litigate that question in the law forum.

An order will be entered vacating the restraining order.