The bill is filed by a tenant against his landlord and seeks restraint against the prosecution of a summary proceeding instituted by the defendant-landlord against the complainant-tenant in the District Court of the First Judicial District of the County of Monmouth on April 6th, 1944. Summons in that suit was returnable on April 19th, 1944. This bill was filed on April 10th, 1944, and an order to show cause with restraintpendente lite was advised the same day. The landlord and tenant proceeding has been adjourned from time to time since and the restraint imposed by the order to show cause has been continued and is still in force.
The defendant leased to the complainant premises in the Borough of Spring Lake known as the Homestead Golf Club House for a term of five years from November 1st. 1941, the *Page 161 
lease providing "that in the event of a bona fide sale of said premises, and not otherwise, this lease * * * may be canceled" by the lessor on three months' notice. The lease also provided that such notice should not be effective before October 1st of any calendar year in which it was given. Also, that "at the expiration of said term, or the termination of this lease, the said party of the second part will quit and surrender the premises."
On December 31st, 1943, the defendant-lessor gave written notice to complainant that lessor had "entered into a bona fide
sale of premises occupied by you with Anthony J. Yonadi, of Newark, N.J., and that, under the terms of your lease, you are hereby notified to quit and surrender said premises on April 1st, 1944."
The complainant, by letter from his lawyer dated January 11th, 1944, notified the defendant that he did not intend to comply with the notice, claiming a right to remain in the leased premises until October 1st of this year. The complainant remained in the premises on April 1st, 1944, and thereupon the landlord and tenant proceeding hereinabove referred to was begun.
Before the return day of the order to show cause the defendant, on notice, challenged the jurisdiction of this court and moved to strike the bill on the ground that it showed no equitable cause of action and that the complainant has a complete remedy at law. He also moved in the alternative to vacate the restraint imposed by the order to show cause. The bill charges fraud on the part of the defendant in representing that a bona fide sale had been effected, whereas, it is alleged, no sale had been made when the notice to vacate was given; and there were other allegations of fraud sufficient to warrant the court in entertaining the bill and imposing the restraint contained in the order to show cause. The motion to strike the bill being the modern substitute for a demurrer, the allegations of fact constituting fraud were taken as true, the motion to strike was denied, and, after oral argument, decision on the motion to vacate the restraint was reserved pending the submission of briefs and their consideration by the court. On this latter motion the following *Page 162 
facts, in addition to those alleged in the bill of complaint and recited above appear established by the affidavits.
A bona fide contract for the sale of the leased premises, dated December 29th, 1943, was executed by Anthony J. Yonadi as vendee, and by the defendant as vendor on December 31st, 1943, which provided for the delivery of a bargain and sale deed by the vendor to the vendee or his assigns on or before May 15th, 1944. The purchase price of the leased premises and other lands owned by individuals who also signed the contract on December 31st, 1943, was fixed at $40,000. Of this sum $1,000 was paid by the vendee as a deposit on December 14th, 1943, prior to the execution of the contract, and a further sum of $1,500 was paid on December 31st, 1943, when the contract was signed by him. The balance of the purchase price, $37,500, was to be paid in cash on the passing of the title.
In his affidavit filed herein on this motion the vendee expresses his willingness to take title to the premises immediately, and has offered to pay the balance of the purchase price into court provided he is given immediate possession. (I am advised by counsel that the agreement of sale has now been fully performed by payment of the balance of the agreed purchase price and the delivery of a deed to the vendee.)
On the motion to vacate the restraint, I feel obliged to determine the question of fact touching the bona fides of the challenged agreement of sale in order to dispose of the question of fraud, which is the only basis for that restraint. From the facts above recited, it appears that the allegations of fraud are completely unfounded and they may be dismissed from further consideration. Aside from the charge of fraud, the only defense which the complainant claims to have to the suit in the District Court, and the one upon which he relies here, is that the agreement of sale entered into by the defendant is not a "bonafide sale" within the meaning of that term as used in the lease; that an "agreement of sale" is not a "sale" and that nothing short of a sale consummated by the delivery of a deed will suffice. That question, however, is a legal one dependent upon the construction of the lease (Smalley v. Hendrickson,29 N.J. Law 371), and one which *Page 163 
the District Court is entirely competent to answer. The complainant, as defendant in the law action, may interpose that contention as a defense with the same force and effect as here and thus his remedy at law is complete. A case in point isPefkaros v. Harman, 20 Del. Ch. 238; 174 Atl. Rep. 124,
involving precisely the same circumstances, the same motion and the same problems as here presented, and in which Chancellor Wolcott in disposing of a motion to vacate the restraint imposed by an order to show cause, said:
"The right of the plaintiff in the ouster proceedings to secure a judgment, is predicated on the proposition that the lease has been terminated under its terms by a sale. There can be no doubt upon this, that the sale which the lease mentions as terminative of its existence, must be a bona fide sale. (Citing cases, amongst which is Muzzy v. Allen, 25 N.J. Law 471.) A fictitious sale, a sale that is only a sham and a pretense, one that is designed solely as a fraudulent scheme to deprive the tenant of the enjoyment of his lease and to enable the lessor to confiscate it for his sole benefit, is not such a sale as satisfies the terms of the lease. Whether the benefit to the lessor is direct or indirect, mediate or immediate, is immaterial. The result would be the same.
"That being so, the question comes down to a plain question of fact — was this sale a bona fide sale by the defendant Harman to his sister? The complainant asserts it is not; the defendants assert it is. I can see no equitable question in the affirmance and the denial. It is entirely dissimilar to the sort of questions which have prompted courts of equity in the reported cases to take cognizance of the controversy to the exclusion of the legal forum. There is no question here of an equitable title which the tenant cannot set up before the justice of the peace. No elements of an equitable estoppel are here present which the legal forum is disqualified to consider. The question is a pure question of fact — namely, was the sale a bona fide sale as contemplated by the contract? If the law proceedings were in the Superior Court, that court would admit evidence upon the question and leave it under proper instructions for the jury to determine.Muzzy v. Allen, supra. Within his jurisdiction, the authority *Page 164 
of a justice of the peace is just as complete for all purposes of hearing cases before him as is the authority of the Superior Court in the hearing of cases before it. (Citing cases.) The inferiority of the justice's tribunal is therefore wholly immaterial. Because the justice's court is a court of inferior jurisdiction is no reason for allowing the question of fact properly before it to be transferred to this court for determination."
That language is peculiarly pertinent here.
The District Court is a court of record of general jurisdiction (McDevitt v. Connell, 71 N.J. Eq. 119); its jurisdiction over this controversy and its power to decide the issue cannot be questioned. R.S. 2:8-40; R.S. 2:32-263; Home Coupon ExchangeCo. v. Goldfarb, 78 N.J. Law 146; Phoenix Pottery Co. v.Arthur L. Perkins Co., 79 N.J. Law 78; Haythorn v. Van Keuren Son, 79 N.J. Law 101; Galka v. Tide Water Associated Oil Co.,133 N.J. Eq. 137.
In Smalley v. Hendrickson, supra, it was held that:
"Where the existence and terms of a contract are established, the construction of it is a matter of law for the court."
Jurisdiction "in proceedings between landlords and tenants" is expressly conferred upon District Courts by R.S. 2:8-40, and neither that section nor R.S. 2:32-263 contains any restrictions upon the kind of issues in such proceedings which the District Courts are empowered to try. This court cannot "withdraw from the District Court the summary dispossess proceedings therein pending and bring them to this court for the purpose of here settling questions of pure law and fact, merely because of complainant's contention that he will suffer irreparable injury in the event that he is unlawfully ousted or dispossessed from said premises, and in which event, he claims an award of damages at law will be wholly inadequate." Galka v.Tidewater Associated Oil Co., supra (italics mine). And seeMcGann v. LaBrecque Co., Inc., 90 N.J. Eq. 526, and particularly the opinion of Mr. Justice Swayze, speaking for the Court of Errors and Appeals, in the same case on appeal, 91 N.J. Eq. 307.
Counsel for the complainant argues that this court should retain jurisdiction to prevent an unjust forfeiture and on the ground that the remedy at law is inadequate in that no *Page 165 
appeal lies from a decision of the District Court, and that oncertiorari only the jurisdiction of that court can be challenged. In support of this argument he cites Henwood v.Jarvis Schafer, 27 N.J. Eq. 247; N. Windholz Son v. Burke,98 N.J. Eq. 471; Sparks v. Lorentowicz, 106 N.J. Eq. 178;Milonas v. Harmony Country Club, 108 N.J. Eq. 485; Friedlander
v. Grand, 116 N.J. Eq. 537, and other New Jersey decisions. He argues that the terms "forfeiture," "cancellation" and "termination," as applied to leases, are synonymous and that what is sought in the District Court proceeding is a forfeiture of complainant's rights under his lease. There can be no doubt of equity's inherent jurisdiction to relieve against unjust forfeitures (Sparks v. Lorentowicz, Milonas v. HarmonyCountry Club and Galka v. Tide Water Associated Oil Co.,supra), but there is no element of forfeiture involved here. The common and general definition of the word "forfeit" is "lost by omission or negligence or misconduct." It is in this general sense that the word "forfeiture" is used when it is said that equity will not actively lend its aid to enforce a forfeiture, or that equity will relieve against unjust forfeitures. A forfeiture is in the nature of a penalty for the doing or the failure to do a particular thing, e.g., using leased premises for a purpose prohibited by the lease, failing to pay rent, and the like. To incur a forfeiture is to fail to keep an obligation. Forfeiture differs from a limitation in that the former may result from the violation of a condition or covenant, while the latter is not dependent upon either the performance or non-performance thereof. A limitation is self-operative and automatic. The provision for cancellation or termination in the lease sub judice is a limitation and not a condition.
All of the cases cited by counsel for the complainant in support of his argument on the question of jurisdiction are readily distinguishable from the instant case. In Henwood v.Jarvis Schafer, supra, jurisdiction was retained by the Court of Chancery because of the question of fraud; in N. Windholz Son v. Burke, supra, both forfeiture and waiver were involved — forfeiture for breach of covenants in the lease and waiver by the lessor; Sparks v. Lorentowicz, supra, *Page 166 
involved the question of waiver and Milonas v. Harmony CountryClub, one of forfeiture. In Friedlander v. Grand, supra, the bill was dismissed for want of equity. The suggestion of Vice-Chancellor Bigelow as to what might have happened under other circumstances is of no importance here. A careful examination of all the New Jersey cases on this subject will disclose that only where equitable rights or equitable defenses, such as waiver, forfeiture, estoppel, or the like, are involved, and where there is no adequate remedy at law, will this court exercise its jurisdiction to restrain the prosecution of such proceedings. Here there are no elements of forfeiture, waiver or estoppel involved, but only an agreement creating a limitation of the term of the lease. Whether or not that limitation has become effective is, as already suggested, a legal question dependent upon the construction of the lease, a question which may quite properly be raised and answered in the District Court proceeding which the complainant here seeks to enjoin. Adequacy of legal remedy applies equally to plaintiffs and defendants, and if a defendant in a suit at law has a defense cognizable before the law court, equity will not grant relief unless the relief in Chancery is more complete than at law. The statement by Vice-Chancellor Backes in N. Windholz Son v. Burke, supra, that "Equity will not refuse to interpose when the remedy is more nearly complete and perfect in equity than at law," and the subsequent frequent approving citation of that decision by our court of last resort, are stressed by counsel for complainant as indicating a modern trend of decisions in favor of Chancery's jurisdiction. In this court, that statement had its origin inHenwood v. Jarvis Schafer, supra, opinion by Chancellor Runyon, and it is not challenged here. Wherever, in subsequent decisions of the courts of this state, that statement has been repeated or relied upon, equitable rights or defenses, as already shown, were involved. No such rights or defenses are present here. The summary character of the proceeding in the District Court is not of itself a reason for this court to assume jurisdiction of this controversy. If it were so held, practically every landlord and tenant proceeding in the District Court could be removed and thus the *Page 167 
legislative mandate set at naught. In McGann v. LaBrecque Co.,Inc., supra, Mr. Justice Swayze said: "It is within the power of the legislature * * * to make the decision of the court of first instance final." And he quoted the statement of Mr. Justice Brewer in Pittsburg Railway, c., v. Backus, 154 U.S. 421,427, that "If a single hearing is not due process, doubling it will not make it so." In Pefkaros v. Harman, supra, Chancellor Wolcott also said:
"The fact that the remedy is summary, however, and that it was manifestly intended by the legislature that the plaintiff in the ouster proceeding, if he should prevail, should not be postponed in the enjoyment of his judgment by protracted proceedings in review of the judgment, is a fact which should put the Chancellor on guard against relaxing in such cases the general principles governing the equity jurisdiction in bills to enjoin proceedings at law, lest resort to equity might be encouraged as a means, if not of trying the law suit, at least of defeating the expeditious progress of it which the statute is intended to secure."
The argument that complainant will suffer irreparable injury in the event that he is unlawfully dispossessed because an award of damages at law will be wholly inadequate, may be disposed of by reference to McGann v. LaBrecque Co., Inc., supra, which, as shown by frequent and recent citation by this court (Galka v.Tide Water Associated Oil Co., supra) and the Court of Errors and Appeals, (Red Oaks, Inc., v. Dorez, Inc., 120 N.J. Eq. 282), is still the law of this state, modern trends notwithstanding. In that case Mr. Justice Swayze said:
"Inadequate damage and irreparable injury are not synonymous. All injury, in a sense, is irreparable, but where the only possible compensation is pecuniary there is no reason to hold the damage irreparable.
 * * * * * * *
"The amount involved is of no consequence since it is the glory of the law to treat cases where the amount is small with the same careful consideration as cases involving millions. The poor man who may be ejected from his apartments may suffer damage as serious to him as the loss suffered *Page 168 
by the present plaintiff in losing the good will which he has built up under a lease terminable on six months' notice. The injury to both may be determined by a jury if the ejection is unlawful * * *. The jury may err by either too large or too small a verdict, but we must not assume in advance that it will err. We must assume that it will do right."
Jurisdiction of this court over this controversy could be justified only on the assumption that the District Court is incompetent and that, therefore, the complainant, as defendant in that court, does not have an adequate remedy at law. The presumption, quite justifiable here, is to the contrary. I have concluded, therefore, that under the circumstances here disclosed, the restraint imposed by the order to show cause should be vacated and I will advise an order accordingly.